Filed 3/25/25  P. v. Castro CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT RICHARD CASTRO,<br><br>    Defendant and Appellant. | E084258<br><br>(Super.Ct.No. CR57414)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Appeal dismissed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for the Plaintiff and Respondent.

1

Defendant and appellant, Robert Richard Castro, appeals from the order of the Riverside County Superior Court denying his Penal Code section 1172.6 petition for resentencing.[1]  We will dismiss the appeal.

## BACKGROUND

Defendant and his cousin, Salvador Mendoza, were together in a car when they began following another car containing four men.  Defendant was driving.  After defendant and Mendoza followed the other car for several miles, Mendoza began shooting at the men, injuring two of them.

In 1995, a jury found defendant guilty of four counts of attempted murder with firearm enhancements (§§ 664, 187, & former § 12022, subd. (d)) and one count of conspiracy to commit murder (§§ 182, 187).  The trial court struck the enhancements and sentenced defendant to indeterminate consecutive life sentences on each of the four attempted murder convictions and, as to the conspiracy count, 25 years to life to run consecutive to the sentences imposed on the attempted murder counts.

On January 1, 2019, Senate Bill No. 1437 became effective.  (Stats. 2018, ch. 1015.)  That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule and the natural and probable consequences doctrine as it relates to murder.  (Stats. 2018, ch. 1015, §§ 2, 3.)  The bill did not mention laws concerning attempted murder.

---

1       Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

In February 2021, the trial court summarily denied a section 1172.6 petition filed by defendant. On appeal, neither defendant or his counsel raised an issue for review, and we affirmed the court's order. (*People v. Castro* (Aug. 26, 2021, E076665) [nonpub. opn.].)

After the denial of defendant's petition, section 1172.6 was amended to allow persons convicted of aiding and abetting attempted murder under the natural and probable consequences doctrine to seek resentencing relief. (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) Defendant then filed a form petition seeking resentencing under the amended statute. As relevant to his case, he averred that an information was filed that allowed the People to prosecute him for attempted murder under the natural and probable consequences doctrine, that he was convicted of attempted murder following a trial, and he could not now be convicted of attempted murder because of changes made to sections 188 and 189 that became effective January 1, 2019.

The sentencing court denied defendant's petition at the July 5, 2024, prima facie hearing. The denial was based upon the court's conclusion that no instruction was given that could allow the jury to impute malice, and defendant's counsel agreed. Defendant timely noticed this appeal and we appointed counsel to represent him.

**DISCUSSION**

On appeal, defendant's appointed appellate counsel filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. Counsel notes we have discretion under *People v. Delgadillo* (2022) 14 Cal.5th 216 to

conduct an independent review of the record in appeals from denials of section 1172.6 petitions.

Upon receipt of the opening brief, we notified defendant that his counsel had filed a brief stating counsel had not found an arguable issue, that this court is not required to conduct an independent review of the record but it may exercise its discretion to do so, and we invited him to file any arguments he deemed necessary. Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and upon our review of the record, we do not find any error. Accordingly, we dismiss defendant's appeal.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

FIELDS
J.

4